UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20383-CV-KING

NATHALY GARCIA GARCIA,
as Personal Representative for THE ESTATE
OF CARLOS EDUARDO FRISNEDA
ALVAREZ, DECEASED, on
Behalf Of the Estate and All Potential
Beneficiaries and/or Survivors,

    Plaintiffs,

v.

WELLS FARGO BANK
NORTHWEST, N.A. TRUSTEE,
a foreign corporate fiduciary;
CESSNA AIRCRAFT COMPANY,
a foreign corporation; HONEYWELL
AEROSPACE, a division of HONEYWELL
INTERNATIONAL INC., a Delaware
corporation; AVION-JET CENTER, LLC,
a Florida Limited Liability company, SOUTHERN JET
CENTER, LLC, a Limited Liability Company,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Partial Summary (DE #138) and Defendant Cessna Aircraft Company's Motion for Summary Judgment (DE #149), filed August 26, 2011 and September 19, 2011, respectively. Therein, the Parties seek a ruling on whether or not the General Aviation and Revitalization Act[1] ("GARA") and the Florida Statute of Repose[2]

---

[1] General Aviation and Revitalization Act of 1994, Pub. L. No. 103-298, 108 Stat. 1552 (1994), as amended by Pub. L. No. 105-102 § 3(e), 111 Stat. 2204 (1997).

[2] FLA. STAT. § 95.031 (2)(b).

are available as affirmative defenses on behalf of Defendant Cessna Aircraft Company ("Cessna"). The Court is fully briefed on the matter,[3] and proceeds with the benefit of oral argument.[4] Upon careful consideration of the pleadings, in conjunction with the arguments set forth in the motions and at oral argument, the Court finds that GARA and the Florida Statute of Repose are unavailable as affirmative defenses in the above-styled action.

## I. Background

This case arises out of the February 18, 2008 crash of a Cessna Model 650 Citation III aircraft. There were three individuals aboard the plane—the Plaintiff's decedent, who was the co-pilot of the aircraft, the Captain of the aircraft, and the owner of the aircraft. At approximately thirty-four minutes into the flight, the pilot disengaged the primary trim and the autopilot, and attempted to manually trim the aircraft using the secondary trim system and the horizontal stabilizer. At that time, the aircraft immediately pitched down to a nose-down attitude. The aircraft ultimately crashed nose-down into the ground, instantly killing all three passengers.

Plaintiff has brought suit against Cessna for negligence and for strict liability as the manufacturer, designer, and seller of the subject aircraft and its subcomponent parts, alleging failures as a cause of the crash.[5] (Third Am. Compl. ¶¶ 38 & 44, DE #70-1). Specifically, Plaintiff claims that the dash 7 Actuator Control Unit ("dash 7 ACU"), a part on the aircraft that warns users and operators of the potential for runaway, malfunctioned and failed to warn the pilot of the

---

[3] Plaintiff filed a consolidated reply and response (DE #158) on October 12, 2011, and Defendant filed a reply (DE #165) on October 21, 2011.

[4] On December 7, 2011, the Court held a hearing on the cross-motions for summary judgment on the applicability of GARA and Florida Statute of Repose.

[5] Florida has adopted the doctrine of strict liability, which extends to sellers of a product. *West v. Caterpillar Tractor Co.*, 336 So. 2d 80, 87 (Fla. 1976); *see e.g.*, *Mobley v. S. Fla. Beverage Corp.*, 500 So. 2d 292, 293 (Fla. Dist. Ct. App. 1986), *review denied*, 509 So. 2d 1117 (Fla. 1987) (noting that retailers are liable for defects over which it has no control).

malfunctioning actuator. It is uncontested that, in 2006, Cessna sold the particular dash 7 ACU to the aircraft's maintenance provider, Southern Jet Center, who then installed the dash 7 ACU in the aircraft. (Pl.'s Statement of Facts ¶ 6, DE #138, at 3; Def.'s Statement of Facts ¶ 11, DE #148, at 5).

Cessna's primary defense is that the crash occurred not as a result of a mechanical failure, but as a result of pilot error. (Def.s Ans., DE #77). Cessna also raises affirmative defenses that the suit is barred by GARA and the Florida Statute of Repose. (Def.'s Aff. Def. ¶¶ 21 & 22, DE #77).

Before the Court now are cross-motions on the applicability of GARA and the Florida Statute of Repose to the instant case.

## II. Legal Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323–24.

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

"Summary judgment may be inappropriate even where the parties agree on the basic facts,

3

but disagree about the factual inferences that should be drawn from these facts." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Analysis

The only issues before the Court on the cross-motions for partial summary judgment are whether GARA and the Florida Statute of Repose bar a claim where the Plaintiff alleges the cause of the crash to be a part that was sold by the Defendant fewer than two years prior to the crash. Plaintiff argues that neither statute applies because GARA does not shield sellers, and the delivery of the dash 7 ACU occurred within the twelve-year limitations' period of the Florida Statute of Repose. (DE #138, at 6). Defendant agues that the protections of GARA and the Florida Statute of Repose do apply because it did not manufacture the dash 7 ACU, and the sale of the dash 7 ACU was incidental to the manufacturer of the airplane. For the following reasons, the Court finds that neither GARA nor the Florida Statute of Repose bar Plaintiff's claim.

#### A. *GARA*

GARA is "intended to 'limit excessive product liability costs, while at the same time affording fair treatment to persons injured in general aviation aircraft accidents." H.R. REP. NO. 103-525(I) (1994), *reprinted in* 1994 U.S.C.C.A.N. 1638, *available at* 1994 WL 235994, at *1. Specifically, GARA bars suits against general aviation aircraft and component part manufacturers and for death or injury in accidents occurring 18 years or more after delivery of the aircraft to its first

owner or to an aircraft dealer. GARA § 2(a).

Here, Defendant vigorously disputes any contention that it designed or manufactured the dash 7 ACU, yet seeks to claim cover under GARA as the manufacturer of the airplane that merely furnished an upgraded part to a maintenance facility. (DE #148, at 16). Specifically, Defendant argues GARA bars this suit because the sale of the dash 7 ACU was incidental to its role as manufacturer of the airplane as Defendant had an ongoing duty as manufacturer to provide replacement parts. *Id.* In support of this argument, Defendant relies on Congress' intent in enacting GARA to provide broad protection for manufacturers, and GARA's declaration that it "supersedes any State law to the extent that such law permits a civil action . . . ." *Id.* The Court is unpersuaded by Defendant's rationale.

It is unquestionable that one of the purposes of GARA is to provide broad protections to manufacturers. More significant, however, is how GARA balances this initial purpose with "preserving victims' right to bring suit for compensation in certain particularly compelling circumstances." H.R. REP. NO. 103-525(II) (1994) [hereinafter Judiciary Committee Notes], *reprinted in* 1994 U.S.C.C.A.N. 1644, *available at* 1994 WL 422719, at *5. Defendant's argument that its role as the airplane manufacturer insulates it from liability for the sale of a replacement part that allegedly malfunctioned and caused injury is inapposite to the totality of the legislative intent of GARA as evidenced by the Judiciary Committee Notes:

> This limitation applies with respect to civil actions arising out of "accidents," and it is limited to civil actions brought against a manufacturer "in its capacity as a manufacturer." The latter limitation is intended to insure that parties who happen to be manufacturers of an aircraft or a component part are not immunized from liability they may be subject to in some other capacity.

Judiciary Committee Notes, at *6. Neither the text of GARA nor the Judiciary Committee Notes make mention of a special exception for airplane manufacturers who then sell replacement parts. The

provisions of GARA and its legislative history confirm that GARA's protections begin and end with the Defendant's role as a manufacturer. The Court does not find there to be any support in the text of GARA or in the Judiciary Committee Notes to justify the extension of that protection to the Defendant when it acts in other capacities. *See also Smith v. Cessna Aircraft Co.*, Case No. 6:10-CV-274-ORL-31KRS, 2011 WL 5178331, at *2 (M.D. Fla. Sept. 21, 2011). Indeed, the Judiciary Committee Notes advocate just the opposite.

With regard to the preemption issue, Defendant argues that Plaintiff cannot sue Defendant as a seller under Florida's strict liability laws because GARA "supersedes any State law to the extent that such law permits a civil action described in subsection (a)." (DE #165, at 4). As previously discussed, the limitations set out in subsection (a) "insure that parties who happen to be manufacturers of an aircraft or a component part are not immunized from liability they may be subject to in some other capacity." Judiciary Committee Notes, at *6. Furthermore, the Judiciary Committee Notes indicate that where the statute of repose is inapplicable—*i.e.*, the timeframe has not expired or the defendant is not being sued in its capacity as a manufacturer—"State law will continue to govern fully, unfettered by Federal interference." *Id.* Thus, GARA does not prohibit Plaintiff from bringing a strict liability action against Defendant for its role as a seller of a product that allegedly malfunctioned and caused injury.

## B. *Florida Statute of Repose*

Florida's Statute of Repose precludes product liability actions brought for an occurrence at least 12 years after delivery of a product. FLA. STAT. § 95.031 (2)(b). Defendant argues that Florida's Statute of Repose bars this suit because the airplane was delivered more than 12 years prior to the incident. (DE #165, at 5). Contrary to Defendant's argument, it is irrelevant when the aircraft was delivered because Plaintiff alleges the dash 7 ACU to be the product that caused the injury. As it is

undisputed that the dash 7 ACU was delivered within two years of the incident, the Court finds that the Florida Statute of Repose does not bar this suit.

## IV. Conclusion

Upon careful consideration of the pleadings and the Parties' arguments, the Court finds that GARA is inapplicable where Defendant is sued in the capacity of a seller, rather than in the capacity of a manufacturer. The Court further finds that Florida's Statute of Repose is inapplicable where a component part alleged to be the cause of injury was delivered within the 12-year limitations' period, regardless of the delivery date of the airplane.

Accordingly, upon consideration of the record and being otherwise advised, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Partial Summary (**DE #138**) be, and the same is hereby, **GRANTED**.

It is further **ORDERED, ADJUDGED, and DECREED** that Defendant Cessna Aircraft Company's Motion for Summary Judgment (**DE #149**) be, and the same is hereby, **DENIED**.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 14th day of December, 2011.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
*Counsel for Plaintiffs*
**Aaron Samuel Podhurst**
Podhurst Orseck Josefsberg et al
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130-1780
305-358-2800
Fax: 305-358-2382
Email: apodhurst@podhurst.com

**Lea P Valdivia**
Podhurst Orseck, P.A.
25 West Flagler Street
Suite 800
Miami, FL 33130
3057894209
Email: lvaldivia@podhurst.com

**Alexander Rundlet**
Podhurst Orseck, P.A.
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130-1780
305-358-2800
Fax: 305-358-2382
Email: arundlet@podhurst.com

**Ricardo M. Martinez-Cid**
Podhurst Orseck, P.A.
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130-1780
305-358-2800
Fax: 305-358-2382
Email: rmcid@podhurst.com

*Counsel for Defendant Cessna*

**Henry Morrison Knoblock**
Wilson Elser Moskowitz Edelman & Dicker LLP
100 Southeast Second Street
Suite 3800
Miami, FL 33131-2126

8

305-374-4400
Fax: 579-0261
Email: hank.knoblock@wilsonelser.com

**Stephen Fraser Coxhead**
Wilson Elser Moskowitz Edelman & Dicker LLP
100 Southeast Second Street
Suite 3800
Miami, FL 33131
305-374-4400
Fax: 305-579-0261
Email: steve.coxhead@wilsonelser.com

**Christopher David Brown**
Wilson Elser
100 SE 2nd Street
Suite 3800
Miami, FL 33131
305-374-4400
Fax: 305-579-0261
Email: christopher.brown@wilsonelser.com